**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

June 12, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Michelle D. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 24-1802-CDA

Dear Plaintiff and Counsel:

On June 20, 2024, Plaintiff Michelle D. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny their claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). On August 16, 2024, the Commissioner moved to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively for summary judgment pursuant to Federal Rules of Civil Procedure 12(d) and 56. ECF 8. Plaintiff filed a response, and Defendant replied. ECFs 9-10. Plaintiff further moved for leave to file a surreply. ECF 11. I have considered the parties' filings. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth below, Plaintiff's Motion for Leave to File Surreply, ECF 11, is DENIED, and the Commissioner's Motion to Dismiss, ECF 8, is GRANTED.

As an initial matter, Plaintiff's Motion for Leave to File Surreply, ECF 11, is DENIED. Although courts have discretion to permit the filing of a surreply, they "are generally disfavored." *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013). An exception to this general rule exists "when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003). This exception is inapplicable here. Defendant's reply, like in its motion to dismiss, argues that the Administrative Law Judge's ("ALJ's") decision became final on April 17, 2024; Plaintiff had sixty days from that date to file suit; and, due to her failure to file within those sixty days, Plaintiff's civil action is untimely. *Compare* ECF 8-1, at 7-9, *with* ECF 10, at 2-3. Moreover, Defendant argues against equitable tolling in both its motion and its reply. *Compare* ECF 8-1, at 9-10, *with* ECF 10, at 3-4. Because the Commissioner did not present a new issue in its reply, the

---

[1] Plaintiff filed this case against Martin O'Malley, the Acting Commissioner of Social Security, on June 20, 2024. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

Court will not consider Plaintiff's surreply.

Defendant argues that Plaintiff's complaint is untimely and, as a result, must be dismissed. ECF 8-1, at 5-10. Federal Rule of Civil Procedure 12(b)(6) "test[s] the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "A complaint should not be dismissed for failure to state a claim unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts entitling [her] to relief." *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017) (quoting *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002)). The Court may consider only those facts and allegations contained on the face of the complaint, Fed. R. Civ. P. 12(d), with limited exceptions, *see Zak v. Chelsea Therapeutics Int'l Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015).

In this case, I will consider the Commissioner's attached Declaration of Ari Levin, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Social Security Administration, ("Levin Decl."), and the accompanying exhibits. ECF 8-1, at 13-74. Because I am considering matters outside the pleadings, I will exercise my discretion to treat the Commissioner's 12(b)(6) motion—as he specifically requested in the alternative—as a motion for summary judgment pursuant to Rule 56. Fed. R. Civ. P. 12(d).[2] In such cases, courts must give all parties "reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Reasonable opportunity requires: (1) some notice by the court to the parties that "it is treating the 12(b)(6) motion as a motion for summary judgment[,]" and (2) "the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985).

I find that Plaintiff received sufficient notice, by way of the motion's caption, that the Commissioner's Motion to Dismiss could be converted to one for summary judgment. Defendant expressly requested "that Plaintiff's complaint be dismissed under [Rule 12(b)(6)], or in the alternative, summary judgment pursuant to [Rule 56]." ECF 8, at 1. For several years, such a caption has satisfied the notice requirement. *See, e.g., Jeffers v. Thompson*, 264 F. Supp. 2d 314, 323 (D. Md. 2003) (finding sufficient notice where "[t]he motion's alternative caption" identified the possibility of conversion); *Ames v. Mallow*, No. JKB-16-191, 2017 WL 839524, at *3 (D. Md. Mar. 3, 2017) (finding sufficient notice where the defendants "designate[d] their motion as a 'motion to dismiss or, in the alternative, motion for summary judgment'"); *Frazier v. Donahoe*, No. PWG-14-3974, 2016 WL 1045853, at *4 (D. Md. Mar. 15, 2016) (finding sufficient notice where the "[d]efendant clearly indicate[d] that its motion is a 'motion to dismiss, or alternatively,

---

[2] Courts retain discretion under Rule 12(d) to convert a 12(b)(6) motion to one under Rule 56 if the motion is styled as one under Rule 12(b)(6) or, in the alternative, Rule 56. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007); *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436 (D. Md. 2011), *aff'd sub nom. Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, Md., 684 F.3d 462 (4th Cir. 2012).

*Michelle D. v. Bisignano*
Civil No. 24-1802-CDA
June 12, 2025
Page 3

for summary judgment'").[3]  Moreover, Defendant attached other materials to its motion, reflecting the desire to convert the motion to one on the merits. *See Ridgell v. Astrue*, No. DKC-10-3280, at *7 (D. Md. Mar. 2, 2012) ("[T]he fact that [the] defendant had attached other materials to its motion should have alerted [the] plaintiff to the possibility [of conversion]."). Such circumstances represent notice that is "reasonably calculated to inform the nonmoving party of the conversion." *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979). I also find that Plaintiff, having awareness of the Commissioner's request by virtue of the filings and docket entries, had sufficient opportunity to seek and submit evidence in response. *See, e.g.*, *Jeremy C. v. Kijakazi*, No. SAG-20-649, 2021 WL 3291814, at *3 (D. Md. Aug. 2, 2021) (finding the second prong of reasonable opportunity met where both parties had an opportunity to respond to each other's filings). Therefore, conversion of the Commissioner's Motion to Dismiss to one for summary judgment is appropriate.

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that there is no genuine dispute of material facts. *See Casey v. Geek Squad*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993)). The mere existence of a "scintilla of evidence" in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Casey*, 823 F. Supp. 2d at 348 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Casey*, 823 F. Supp. 2d at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)).

On May 29, 2017, Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits. ECFs 8-1, at 1; 9, at 1. On January 12, 2021, Judge Boardman remanded the case for further administrative proceedings. Levin Decl., at ¶ 4(a). On November 30, 2021, an ALJ found Plaintiff not disabled. Levin Decl., at ¶ 4(a); ECF 8-1, at 36. Plaintiff filed exceptions, and the Appeals Council ("AC") remanded the case to a different ALJ on June 14, 2022. Levin Decl., at ¶ 4(a); ECF 8-1, at 47-48. On February 16, 2024, the ALJ found Plaintiff not disabled. Levin Decl., at ¶ 4(a); ECF 8-1, at 65. A notice of hearing decision issued the same day and set out a three-step process. First, the notice advised Plaintiff to file written exceptions, or to request an extension of time to file, with the AC within 30 days of the date she received the notice if she

---

[3] *See generally Willey v. Bd. of Educ. of St. Mary's Cnty.*, 557 F. Supp. 3d 645, 657 (D. Md. 2021) ("[T]he Federal Rules [of Civil Procedure] do not prescribe that any particular notice be given before a Rule 12 motion is converted to a Rule 56 motion." (internal quotation marks and citation omitted)); *Woodbury v. Victory Van Lines*, 286 F. Supp. 3d 685, 695 (D. Md. 2017) ("The notice requirement is not onerous, requiring only that the nonmoving party be aware that material outside the pleadings is pending before the Court.").

*Michelle D. v. Bisignano*
Civil No. 24-1802-CDA
June 12, 2025
Page 4

disagreed with the ALJ's decision. ECF 8-1, at 51-52. Second, the notice informed Plaintiff that the AC has discretion to review her decision within 60 days of the date of the notice. *Id.* at 52. Third—central to the issue in this matter—the notice stated:

> If you do not file written exceptions and the [AC] does not review my decision on its own, my decision will be become final on the 61[st] day following the date of this notice. After my decision becomes final, you will have 60 days to file a new civil action in Federal district court. You will lose the right to a court review if you do not file a civil action during the 60-day period starting with the day my decision becomes final. However, you can ask the [AC] to give you more time to file a civil action. The [AC] will grant your request for more time only if you can show a good reason for needing more time. We will not send you any more notices about your right to file in Federal district court.

*Id.* The notice reiterated that if Plaintiff disagreed with the ALJ's decision, she should either "file [her] exceptions within 30 days or file a new civil action between the 61[st] and 121[st] days after the date of this notice." *Id.* at 52-53. Nothing in the record indicates that Plaintiff requested an extension of time to file a civil action. Levin Decl., at ¶ 4(b). On June 20, 2024, Plaintiff filed a complaint in this Court, requesting judicial review under 42 U.S.C. § 405(g). ECF 1; Levin Decl., at ¶ 4(c).

The Commissioner seeks to dismiss Plaintiff's complaint as untimely because it was filed outside of the sixty-day timeframe created by 42 U.S.C. § 405(g). ECF 8-1 at 5-10. "Congress has authorized lawsuits seeking judicial review of decisions by the SSA only under certain limited conditions, including filing deadlines specified by statute." *Tlee C. v. Saul*, No. DLB-19-3585, 2020 WL 3268529, at *1 (D. Md. June 17, 2020) (citing *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958)). In general, a claimant appealing an adverse disability determination by the SSA must file the civil action "within sixty days after the mailing to [the claimant] of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); *see also* 20 C.F.R. § 422.210(c). That is, a claimant must commence a civil action in federal district court within sixty days of receiving notice of the ALJ's hearing decision. The date of receipt—and by default, the date on which the sixty-day period begins to run—depends on whether the case was previously remanded. Where a case has been previously remanded, the date of receipt is on the 61st day after the notice date if the claimant did not file exceptions with the AC, and the AC did not otherwise assume jurisdiction over the case. *See Christine H. v. Kijakazi*, No. 23-0751-TAB-JRS, 2023 WL 7411392, at *3 (S.D. Ind. Nov. 9, 2023); *Jessie S. v. Comm'r of Soc. Sec. Admin.*, No. 23-1357, 2023 WL 5528603, at *3 (S.D. Ohio Aug. 28, 2023); *Alicia W. v. Saul*, No. 20-0006, 2021 WL 2366108, at *2 (W.D. Va. June 9, 2021).[4] Put differently, in a case with a prior remand to the SSA, the claimant must file suit no later than 121 days after receiving notice (that is, sixty days after the 61st day after the notice date). *See Jessie S.*, 2023

---

[4] *See also Farrell v. Berryhill*, No. 16-509-LJV-MJR, 2017 WL 3142097, at *3 (W.D.N.Y. May 16, 2017); *Guidry v. Colvin*, No. 16-47-RLB, 2016 WL 6540450, at *4 (M.D. La. Nov. 2, 2016); *Harris v. Colvin*, No. 15-5575-RBL, 2015 WL 9302910, at *2 (W.D. Wash. Dec. 18, 2015).

WL 5528603, at *3; *Alicia W.*, 2021 WL 2366108, at *2; *Farrell*, 2017 WL 3142097, at *3; *Guidry*, 2016 WL 6540450, at *4; *Harris*, 2015 WL 9302910, at *2. Where a case has not been previously remanded, notice "receipt . . . is presumed to be five days after the [notice date], unless there is a reasonable showing to the contrary." *Stewart v. Soc. Sec. Admin.*, No. 09-1535, 2010 WL 529453, at *1 (4th Cir. 2010) (citing 20 C.F.R. § 422.210(c)). In non-remand cases, the claimant has sixty days from the 65th day (or 166 days) after the notice date to file suit in federal court unless this presumption is rebutted. *See Jessie S.*, 2023 WL 5528603, at *3; *Alicia W.*, 2021 WL 2366108, at *1.

In light of the principles summarized above, the critical issue in cases like this is the date of notice. Plaintiff argues that the five-day presumption applies to remand cases, including this one. ECF 9, at 4, 6-7, 9. If she is correct, Plaintiff's complaint is timely.

Although the argument is novel in this district, other jurisdictions have addressed this question. These courts, including one in this circuit, agree that the five-day presumption "outlined in [20 C.F.R.] § 422.210(c) does not apply to" remand cases. *Walker-Butler v. Berryhill*, 857 F.3d 1, 5 (1st Cir. 2017); *accord* J*essie S.*, 2023 WL 5528603, at *4; *Alicia W.*, 2021 WL 2366108, at *2; *Guidry*, 2016 WL 6540450, at *3-4; *Harris*, 2015 WL 9302910, at *1. Plaintiff offers no authority supporting her position and persuading a departure from this apparent consensus. The Court is unaware of any cases that have applied the presumption to remand cases. Therefore, the Court finds that the five-day presumption does not apply to remand cases, including this one. Plaintiff is deemed to have received notice of the hearing decision on April 17, 2024—the 61st day after February 16, 2024, the notice date.[5] ECF 8-1, at 51. Plaintiff was required to file suit by June 16, 2024. Because she filed suit on June 20, 2024, Plaintiff's complaint is untimely. *See* ECF 1.

Plaintiff's argument regarding defective notice fares no better. *See* ECF 9, at 4, 9. The notice provides the proper standard for filing suit in federal court where, as here, the case has been previously remanded. *See* ECF 8-1, at 52-53.

Nor do any exceptions to these deadlines salvage Plaintiff's appeal. She did not seek an extension of the sixty-day period. Levin Decl., at ¶ 4(b). Nor has she argued for equitable tolling. *See Dvorak v. Astrue*, No. WDQ-09-1362, 2009 WL 3156535, at *2 (D. Md. Sept. 25, 2009) ("Section [4]05(g)'s timing requirement is not jurisdictional and may be equitably tolled . . . [in] extraordinary circumstances . . . 'where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate.'" (quoting *Bowen v. City of New York*, 476 U.S. 467, 480-81 (1986))); *Alicia W.*, 2021 WL 2366108, at *5 (recognizing excusable neglect as a potential equitable remedy for untimely complaints). Equitable tolling requires a showing that (1) the plaintiff pursued their rights diligently and (2) an extraordinary circumstance prevented timely action. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Cruz v. Maypa*, 773 F.3d 138, 145 (4th Cir. 2014) (noting that tolling may be appropriate where an opposing party's wrongful conduct prevented the claimant for pursuing relief). The Fourth Circuit has long

---

[5] In addition, Plaintiff did not file exceptions with the AC nor did the AC otherwise assume jurisdiction over the case. ECFs 8-1, at 6-7; 9, at 5.

cautioned that tolling "'will rarely be appropriate.'" *Travis B. v. O'Malley*, No. 24-131, 2024 WL 4712754, at *3 (E.D. Va. June 14, 2024) (quoting *Hyatt v. Heckler*, 807 F.2d 376, 378 (4th Cir. 1986)). Courts in this circuit have refused to apply equitable tolling where a claimant did not seek an extension from the SSA or the court. *See Gregory v. Berryhill*, No. 17-629, 2018 WL 2225176, at *4 (E.D. Va. Mar. 26, 2018) (citing *Edmunds v. Colvin*, No. 13-539-JRS, 2014 WL 792022, at *3 (E.D. Va. Feb. 25, 2014)). Not receiving or otherwise observing any basis for tolling, the Court declines to apply such exception.[6] Because Section 405(g)'s timing requirement is "strictly construed[,]" *Bowen*, 476 U.S. at 479, and "excused only in very rare or exceptional circumstances[,]" *Alicia W.*, 2021 WL 2366108, at *2, the Commissioner's Motion to Dismiss, ECF 8, is treated as a motion for summary judgment and GRANTED. *Cf. Evans J. S. v. Comm'r of Soc. Sec.*, No. 24-5315-RSM, 2024 WL 4202162, at *2 (W.D. Wash. Sept. 16, 2024) (collecting cases dismissing as untimely complaints filed less than four days late). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge

---

[6] The Court is mindful that, as a general matter, self-represented parties—not being formally trained in the practice of law—benefit from less stringent standards when litigating, such as liberal construction of their pleadings. *See, e.g.*, *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). Consistent with this approach, the Fourth Circuit has long observed that "trial courts are encouraged to liberally treat procedural errors made by *pro se* litigants, especially when a technical or arcane procedural rule is involved." *Bauer v. C.I.R.*, 97 F.3d 45, 49 (4th Cir. 1996). However, *pro se* status does not, on its own, justify equitable tolling. *See Whitmore v. Comm'r of Soc. Sec. Admin.*, No. 24-1629, 2024 WL 4850784, at *1 (4th Cir. Nov. 21, 2024) (unpublished) (affirming dismissal of a *pro se* complaint—filed in a social security disability appeal—as untimely where the trial court found, among other things, that equitable tolling did not apply); *Shackema J. v. Dudek*, No. 24-967-CDA, 2025 WL 918390, at *3 (D. Md. Mar. 26, 2025) (declining to toll limitations where a *pro se* plaintiff filed suit six days after the deadline); *Kimberly S.Y. v. Comm'r, Soc. Sec.*, No. DKC-18-47, 2019 WL 295656, at *2 (D. Md. Jan. 23, 2019) ("Plaintiff's references to her *pro se* status, lack of education, and confusion about the process for seeking judicial review are not extraordinary circumstances that prevented her from timely filing her claim."); *Francis v. Berryhill*, No. 17-519, 2018 WL 4658715, at *3 (E.D. Va. Feb. 2, 2018) (declining to apply equitable tolling where plaintiff, proceeding *pro se*, filed suit one day late); *Boyer v. Astrue*, No. 12-174-RLM-RBC, 2012 WL 6084633, at *2-3 (N.D. Ind. Dec. 5, 2012) (same).